People v Broughton (2025 NY Slip Op 03885)

People v Broughton

2025 NY Slip Op 03885

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND KEANE, JJ.

300 KA 22-01394

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDERICK BROUGHTON, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GRAZINA HARPER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Meredith A. Vacca, J.), rendered August 16, 2022. The judgment convicted defendant, upon a plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law § 120.05 [1]), defendant contends that County Court erred in denying that part of his omnibus motion seeking to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30). We reject that contention.
Where, as here, a "misdemeanor information . . . [is] superseded by a felony indictment, . . . the People [are] required to be ready for trial within six months of the action's commencement" (People v Piquet, 46 AD3d 1438, 1438 [4th Dept 2007], lv denied 10 NY3d 770 [2008]; see CPL 30.30 [1] [a]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018]).
Defendant met his initial burden on the motion by submitting evidence that more than six months chargeable to the People elapsed between July 30, 2021, the date he was charged with assault in the third degree by misdemeanor complaint, and April 15, 2022, the date of his omnibus motion. Specifically, defendant alleged that 242 days were chargeable to the People for the time between July 30, 2021 through October 5, 2021 and October 22, 2021 through April 15, 2022, and defendant further alleged that the People had not provided a certificate of compliance (COC) or statement of readiness (see generally People v Berkowitz, 50 NY2d 333, 349 [1980]). In response to defendant's motion, the People asserted that they had produced a valid COC and statement of readiness in City Court with respect to the charged misdemeanor, and the record establishes that the COC and statement of readiness were provided on November 3, 2021.
We conclude that the People are charged with the period of time between July 30, 2021 through November 3, 2021, except for the period between October 5, 2021 through October 22, 2021, which was waived by defendant. The People remained ready from November 3, 2021 until January 28, 2022, when defendant was charged by felony indictment with assault in the second degree (see generally People v Cortes, 80 NY2d 201, 214-215 [1992]; Piquet, 46 AD3d at 1439). The period from January 28, 2022 through April 15, 2022, the date of defendant's omnibus motion seeking, among other things, dismissal of the indictment pursuant to CPL 30.30 is chargeable to the People. Thus, the total time chargeable to the People did not exceed the [*2]statutory six-month period (see CPL 30.30 [1] [a]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court